IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Jones,                              :
                    Appellant             :
                                           :
         v.                                :
                                           :   No. 25 C.D. 2020
Philadelphia Parking Authority            :   Submitted: August 8, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: October 23, 2025


         Gerald Jones (Appellant) appeals pro se from the Philadelphia County
Common Pleas Court's (trial court) August 15, 2019 order quashing his appeal from
the City of Philadelphia (City), Bureau of Administrative Adjudication's (BAA)
January 2, 2019 decision directing him to pay $2,124.00 in fines to the City for
unpaid parking tickets. The sole issue before this Court is whether the trial court
erred by quashing Appellant's appeal because he failed to file a brief. After review,
this Court vacates the trial court's order and remands for further proceedings.

         In 2018, the Philadelphia Parking Authority (PPA) issued 59 parking
tickets to Appellant from which he appealed.[1] On November 9, 2018, a hearing
examiner held a hearing and upheld Appellant's violations. Appellant appealed from
the hearing examiner's decision to an appeal panel which affirmed the hearing
examiner's decision. Appellant appealed from the appeal panel's decision to the

_____
         [1] The PPA issued close to 100 tickets to Appellant, which he did not pay. The trial court
only ruled on 59 of those tickets.

BAA. On January 2, 2019, the BAA sustained the appeal panel's decision and directed Appellant to pay $2,124.00 in fines.

On January 23, 2019, the PPA seized Appellant's car. The PPA gave Appellant two options to retrieve his car: (1) pay the PPA a $2,278.00 bond and appeal from the BAA's order; or (2) plead guilty and pay $1,200.00 now and $500.00 per month thereafter until the balance is paid in full. On January 25, 2019, Appellant filed an appeal from the BAA's order in the trial court. Contemporaneously therewith, Appellant filed an emergency petition for release of seized motor vehicle (petition for release) and a motion to proceed in forma pauperis. That same day, the trial court denied Appellant's petition for release. On January 28, 2019, Appellant again filed an emergency petition for release, which the trial court denied that same day. On February 6, 2019, Appellant filed a motion to reconsider the trial court's order denying his second petition for release (Reconsideration Motion). On February 7, 2019, the trial court granted Appellant's motion to proceed in forma pauperis. On February 11, 2019, Appellant filed an emergency motion to prevent the sale of seized motor vehicle. On February 27, 2019, the trial court held a hearing, granted Appellant's Reconsideration Motion, and directed that Appellant pay storage and towing fees for release of the vehicle.

On March 14, 2019, the trial court issued a scheduling order directing: (1) the BAA to file its record by May 6, 2019, or risk sanctions; (2) all motions for extraordinary relief to be filed electronically by June 3, 2019, with requests for continuances to be filed as motions for extraordinary relief; (3) Appellant's brief to be filed by June 3, 2019, and the City's brief by July 1, 2019; and (4) oral argument to take place any time after August 5, 2019, and no continuances thereafter. On May 17, 2019, Appellant filed a motion for extraordinary relief seeking an extension to

file his brief (Motion for Extraordinary Relief). On July 2, 2019, the trial court scheduled oral argument for August 15, 2019. By **July 16**, **2019** order, docketed on July 17, 2019, the trial court granted Appellant's Motion for Extraordinary Relief and directed that Appellant file his brief by **July 12**, **2019**. The trial court further directed that the order would not affect the August 15, 2019 oral argument date. On July 25, 2019, the City filed a motion to quash Appellant's appeal for failure to file a brief (Motion to Quash). On August 15, 2019, after oral argument, the trial court granted the City's Motion to Quash and dismissed Appellant's appeal. Appellant appealed from the trial court's order.[2] On August 27, 2019, the trial court directed Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On September 9, 2019, Appellant filed his Rule 1925(b) Statement. On October 9, 2019, the trial court filed its opinion pursuant to Rule 1925(a).

Appellant argues that the trial court denied him his constitutional rights by its dismissal of his appeal before the BAA furnished the trial court a full and complete record, and that the trial court erred by directing Appellant to file his brief *before* the date of the trial court's order. Appellant further asserts that even if he inferred that he had 30 days from the date of the trial court's order to file his brief, 30 days would have been the date of oral argument. The City rejoins that the trial court's granting of the BAA's Motion to Quash was proper pursuant to Rules 123 and 2188, and Appellant's failure to comply with the trial court's revised scheduling

---

[2] Appellant appealed to the Pennsylvania Superior Court, which transferred the appeal to this Court on January 13, 2020.

"This Court's . . . review of the trial court's order granting a motion to quash an appellant's appeal determines whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional rights." *Sch. Dist. of Phila. v. Bd. of Revision of Taxes*, 303 A.3d 1150, 1160 n.5 (Pa. Cmwlth. 2023).

order requiring him to file his brief on or before July 12, 2019, subjected his appeal to dismissal.[3]

Initially, Rule 123(e) provides, in relevant part:

> In addition to the authority expressly conferred by these rules or by law or rule of court, a single judge of an appellate court may entertain and may grant or deny any request for relief which under these rules may properly be sought by application, except that an appellate court may provide by order or rule of court that any application or class of applications must be acted upon by the court.

Pa.R.A.P. 123(e).  Rule 2188 mandates:

> If an appellant fails to file his designation of reproduced record, brief[,] or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter.  If an appellee fails to file his brief within the time prescribed by these rules, or within the time as extended, he will not be heard at oral argument except by permission of the court.

Pa.R.A.P. 2188.

---

[3] The City also retorts that Appellant's appeal should be dismissed because he did not file a *concise* Rule 1925(b) Statement and Appellant waived his issues on appeal for failure to develop his arguments in his brief.  The Pennsylvania Supreme Court has instructed: "[W]here . . . [an appellant] has wholly failed in a Rule 1925(b) [S]tatement to identify with sufficient detail the issues to be raised on appeal, . . . those issues are waived." *Commonwealth v. Parrish*, 224 A.3d 682, 701 (Pa. 2020).  Further, "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Armolt*, 294 A.3d 364, 377 (Pa. 2023) (quoting *Banfield v. Cortés*, 110 A.3d 155, 168 n.11 (Pa. 2015)).  Because Appellant has failed to identify his constitutional claims in his Rule 1925(b) Statement with sufficient detail and to provide any discussion thereof with citation to relevant authority in his brief, those issues are waived.  However, because Appellant has identified his remaining issues in sufficient detail in his Rule 1925(b) Statement and developed the issues in a meaningful fashion capable of review in his brief, this Court declines to find that Appellant has waived them.

Here, in the Motion for Extraordinary Relief, Appellant averred: "Appellant **will be filing** with this [c]ourt a separate motion in this matter requesting that th[e trial c]ourt compel [the] PPA/BAA to file a complete record. Counsel for [the] PPA/BAA has acknowledged that there are documents not included in the current record as filed." Original Record (O.R.) at 472 (emphasis added).[4] Importantly, Appellant did not file a separate motion. Notwithstanding, Appellant requested the trial court "to (a) ORDER [THE] PPA/BAA to file a complete record in this matter; and (b) request a thirty (30)[-]day extension of time **from the date a corrected record is filed** with th[e trial c]ourt by [the] PPA/BAA for filing Appellant's brief." *Id*. (emphasis added). The City stated in its response to the Motion for Extraordinary Relief: "[T]he BAA requests that [Appellant's] Motion [for Extraordinary Relief] be granted in part and denied in part. The BAA consents to an extension of the briefing schedule by 30 days. The BAA denies that the record is incomplete." O.R. at 479.

> The trial court issued an order directing:
>
> **AND NOW**, this 16th day of July 2019, upon consideration of Appellant's Motion for Extraordinary Relief . . . , and the response, it is **ORDERED** and **DECREED** that the [M]otion [for Extraordinary Relief] is **GRANTED AS UNCONTESTED** and the new due date for Appellant's brief is Friday, July 12, 2019. Oral argument remains scheduled for August 15, 2019, and is unaffected by this order.

O.R. at 486 (underline emphasis added).

---

[4] Because the original record pages are not numbered, the page numbers herein reflect electronic pagination.

The trial court explained in its opinion:

> As it is written[,] it is obvious that this [o]rder contains a *de-minimis* error as to the due date on which Appellant and [the City's] briefs are to be filed. From an examination of Appellant's initial Motion for Extraordinary Relief, which prompted th[e trial c]ourt to issue this [o]rder, it is revealed however, that **Appellant requested a thirty (30)[-]day extension from the original date upon which he was originally required to file his opening brief**. *See* Appellant's Motion For Extraordinary Relief. While it is true th[e trial] court made a *de-minimis* error in its calculation of relevant due dates for Appellant's and [the City's] briefs, the July 16, 2019[ o]rder as dictated by its terms "GRANTED AS UNCONTESTED" provided the parties with adequate notice as to the thirty (30)[-]day extension that was being granted by the [trial c]ourt. Specifically, the words "granted as uncontested" referred to the language, and request that had been made in [Appellant's⁵] Motion for Extraordinary Relief.

Trial Ct. Op. at 8 (bold emphasis added). However, Appellant's request asked for 30 days "from the date a corrected record is filed with th[e trial c]ourt by [the] PPA/BAA for filing Appellant's brief[,]" O.R. at 472, not "from the [] date upon which he was originally required to file his opening brief." Trial Ct. Op. at 8.

The trial court attempts to reconcile this discrepancy by explaining:

> While th[e trial] court did not explicitly specify in its [o]rder that the record as produced by the PPA/BAA on May 6, 2019, was full and complete, th[e trial c]ourt by its omission of language otherwise acknowledged the completeness, and satisfactory nature of the certified record produced in this matter. Therefore, the only logical reading of th[e trial c]ourt's July 16, 2019[ o]rder is a textual reading of the language therein **leaving the reader with the obvious**, **and correct conclusion that th[e trial**

---

⁵ The trial court referenced the City's Motion, as opposed to Appellant's Motion. Curiously, the City, not Appellant, requested a 30-day extension from the original date upon which Appellant was originally required to file his opening brief. *See* O.R. at 479.

6

**c]ourt granted Appellant's request for [a] thirty (30)[-]day extension to file his opening brief, but at the same time effectively denied by its omission of specific language stating otherwise, that the record submitted by the PPA/BAA was incomplete**.

Trial Ct. Op. at 8-9 (emphasis added). This Court cannot agree with such a convoluted interpretation of the trial court's order. Nor does this Court believe that such interpretation is obvious and logical.[6]

Notwithstanding the trial court's claim that its interpretation is both obvious and logical, it provides an alternative explanation: "In the alternative, even if Appellant had been confused or misunderstood some aspect of th[e trial c]ourt's July 16, 2019 [o]rder, the record is void of any petitions, motions[,] or requests for clarification from [] Appellant." Trial Ct. Op. at 9. However, according to the trial court's scheduling order, motions for extraordinary relief had to be filed "not later than [June 13, 2019]." O.R. at 99. Thus, the trial court expressly prohibited Appellant from filing a clarification request after its order was entered.

Finally, the trial court proffers:

[T]he [30-]day extension of the briefing deadline, which th[e trial c]ourt in its discretion chose to grant[,] began to run from the day of the issuance of th[e trial c]ourt's July 16, 2019[ o]rder. As such Appellant was given [30] days from the 16th of July for which to file his brief, leaving him with a hard due date of August 15, 2019. The factual record demonstrates that Appellant did appear at an oral argument hearing on August 15, 2019. However, while Appellant may have come prepared to argue his case on this date, Appellant failed to produce, or otherwise provide th[e trial c]ourt with a copy of his brief at this hearing. *See* Transcript of Proceedings Date August 15, 2019. Appellant also gave no indications to th[e trial c]ourt that a brief would be forthcoming. Accordingly, **given the**

---

[6] Even the City took the trial court's order at face value as evidenced by its claim that Appellant failed to file his brief by July 12, 2019. *See* City Motion to Quash ¶ 6; City Br. at 7.

**obvious plain reading of th[e trial c]ourt's July 16, 2019[ o]rder, [] Appellant[']s claims should be dismissed because Appellant did not file his brief by August 15, 2019**.

Trial Ct. Op. at 9 (footnote omitted; emphasis added).

However, pursuant to the Pennsylvania Supreme Court's Order in *City of Philadelphia v. F.A. Realty Investors Corp.*, 256 A.3d 429 (Pa. 2021):

> [T]he time for a response begins to run from the date that notice of the entry of the order is sent to the parties. *See* Pa.R.A.P. 108(b) (providing that the date of entry of an order in a matter subject to the [Pennsylvania] Rules of Civil Procedure [(Civil Rules)] is the date on which the clerk makes the notation on the docket that notice of entry of the order has been given, as required by [Civil Rule 236(b),] Pa.R.C[iv].P. [] 236(b)); Pa.R.C[iv].P. [] 236(b) (requiring that "[t]he prothonotary shall note in the docket the giving of [written notice of the entry of an order or judgment] . . . .").

*City of Phila.*, 256 A.3d at 430. Here, the docket reflects that the trial court's order was entered on July 17, 2019. The docket further represents that notice of the entry of the order pursuant to Civil Rule 236 was given to Appellant on July 17, 2019. Therefore, based on the trial court's reasoning, Appellant's brief would have been due on August 16, 2019, the day *after* oral argument.[7] Because the trial court granted Appellant's Motion for Extraordinary Relief, which per the trial court's order and reasoning made Appellant's brief due on August 16, 2019, the day after oral argument, and the trial court had directed there would be no continuances of the oral argument date, this Court concludes that the trial court erred by granting the City's Motion to Quash, and dismissing Appellant's appeal on August 15, 2019, because Appellant failed to file a brief.

---

[7] The trial court's scheduling order expressly prohibited any continuances from the August 15, 2019 date. *See* O.R. at 469.

8

For all of the above reasons, the trial court's order is vacated and the matter is remanded to the trial court for the trial court to issue a new scheduling order giving Appellant 30 days to file a brief and setting a new hearing date.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Jones,                                    :
                    Appellant                    :
                                                 :
         v.                                      :
                                                 :    No. 25 C.D. 2020
Philadelphia Parking Authority                   :

O R D E R

AND NOW, this 23rd day of October, 2025, the Philadelphia County Common Pleas Court's (trial court) August 15, 2019 order is VACATED, and the matter is REMANDED to the trial court for further proceedings consistent with this Opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge